IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESMERALDA CERVANTES, et al., | § |
| | § |
| Plaintiffs, | § |
| | § Civil Action No. 3:12-CV-0661-D |
| VS. | § |
| | § |
| U.S. BANK NATIONAL, | § |
| ASSOCIATION et al., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the posting of plaintiffs' residence for foreclosure, defendant U.S. Bank National Association ("U.S. Bank") moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. Plaintiffs have not responded to the motion. For the reasons that follow, the court grants U.S. Bank's motion, but it also allows plaintiffs to replead.

I

This is a suit by plaintiffs Esmeralda Cervantes and Ulises Bonilla against defendants U.S. Bank and House Savings Investments, LLC ("House Savings"). Plaintiffs assert claims against U.S. Bank for breach of contract and wrongful acceleration of a home mortgage loan; filing of a false lien or claim, in violation of Tex. Civ. Prac. & Rem. Code Ann. § 12.001 *et seq.* (West 2002); violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and violation of the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code

Ann. § 392.001 *et seq.* (West 2006).[1] Plaintiffs seek, *inter alia*, damages and a temporary restraining order and preliminary injunction preventing U.S. Bank from foreclosing on their residence.[2]

According to plaintiffs' state-court petition,[3] they purchased their residence in 2003. To finance the purchase, they obtained a loan from Universal Mortgage Corporation in the amount of $100,424.00. To secure payment of their promissory note, they executed a deed of trust. In May 2010 U.S. Bank acquired the servicing rights to plaintiffs' mortgage. Thereafter, plaintiffs paid all of their monthly loan payments to U.S. Bank until approximately July 2011, when plaintiffs experienced a temporary financial hardship.

In late July 2011 plaintiffs received a letter notifying them that their loan was past due in the amount of $1,917.74. Plaintiffs telephoned U.S. Bank and attempted to make the past due payments for the months of June and July, but the representative advised plaintiffs that U.S. Bank would not accept the amount claimed due in its July 2011 letter because another payment was about to come due in August. On or about August 10, 2011 U.S. Bank sent

---

[1]They also assert claims against House Savings for violations of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41 *et seq.* (West 2011) [Pet. ¶¶ 10.1- 10.3], and for common law fraud. Only U.S. Bank has moved to dismiss, so the court is not addressing the claims alleged against House Savings.

[2]Because plaintiffs' property has already been sold, their requests for a temporary restraining order and preliminary injunction are moot.

[3]In deciding U.S. Bank's Rule 12(b)(6) motion, the court construes plaintiffs' complaint in the light most favorable to them, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in their favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

plaintiffs another letter notifying them that they were past due on their monthly loan payments in the amount of $1,975.34.

Plaintiffs then turned to defendant House Savings, which offered to help plaintiffs apply for and obtain a loan modification to resolve the delinquency of their mortgage loan and reduce their monthly loan payments. Plaintiffs began to make monthly payments to House Savings, and, when they received "numerous additional letters" from U.S. Bank, plaintiffs forwarded copies of the letters to House Savings. Pet. ¶ 4.9.

In late January 2012 plaintiffs became aware that U.S. Bank had posted their property for foreclosure. Plaintiffs once again contacted House Savings, which advised them that everything was fine. House Savings arranged for plaintiffs to sign several loan modification documents and forms. It informed them that it would provide all of the loan modification documents to U.S. Bank and have any pending foreclosure sale canceled.

On February 3, 2012, just four days before the scheduled foreclosure sale, plaintiffs visited the offices of House Savings to obtain confirmation that the foreclosure sale had been canceled and that their loan modification paperwork had been submitted. During this visit, however, a House Savings representative informed them that because they had only paid $1,700.00 of the $2,500.00 fee House Savings charged for its services, House Savings would not be able to help them find an attorney to stop the foreclosure sale unless they paid the remaining balance. Plaintiffs were also told that because they had not yet paid the full $2,500.00 fee, House Savings had not submitted their completed loan modification package

and documentation to U.S. Bank.  Plaintiffs immediately called U.S. Bank to explain their situation and seek postponement of the foreclosure sale, but U.S. bank refused to cancel the foreclosure.  The foreclosure took place on February 7, 2012.

U.S. Bank moves to dismiss under Rule 12(b)(6).  Plaintiffs have not responded to the motion.

II

In deciding U.S. Bank's Rule 12(b)(6) motion, the court evaluates the sufficiency of plaintiffs' state-court petition by "accept[ing] all well- pleaded facts as true, viewing them in the light most favorable to the plaintiff[s]."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).  To survive U.S. Bank's motion, plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff[s] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)).  Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  And "'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555).

III

The court considers first whether plaintiffs have stated a plausible claim for breach of contract and wrongful acceleration of their mortgage.

Plaintiffs allege that U.S. Bank lacked legal standing or authority to enforce the power of sale provision contained in the deed of trust because plaintiffs

> have never been provided with any written proof that the Loan was assigned to Defendant U.S. Bank, nor a copy of any servicing agreement between Defendant U.S. Bank and the Original Lender, nor is any assignment of the Note and Deed of Trust recorded in the official real property records of Dallas County, Texas.

Pet. ¶ 6.3.  The thrust of plaintiffs' claim appears to be that U.S. Bank was required to hold, possess, or produce the note before foreclosing on their residence.  This allegation is akin to, if not aptly characterized as, the so-called "show me the note" theory that has been repeatedly rejected by courts in this circuit.  *See, e.g., Broyles v. Chase Home Fin.*, 2011 WL 1428904, at *3 (N.D. Tex. Apr. 13, 2011) (Fish, J.); *Coleman v. Bank of Am., N.A.*, 2011 WL

2516169, at *2 (N.D. Tex. May 27, 2011) (Kaplan, J.). Moreover, "Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments." *Broyles*, 2011 WL 1428904, at *2 (citing *Denson v. First Bank & Trust of Cleveland*, 728 S.W.2d 876, 877 (Tex. App. 1987, no writ); *Shaw v. Jackson*, 227 S.W. 520, 522 (Tex. Civ. App. 1920, no writ)). And as the mortgage servicer, U.S. Bank was authorized to enforce the deed of trust, regardless of whether it held the underlying note. *See id.* at *3; *see also* Tex. Prop. Code Ann. § 51.0025 (West 2007) (stating that "a mortgage servicer may administer the foreclosure of property."); Tex. Prop. Code Ann. § 51.002(a)-(h) (setting forth requirements for non-judicial foreclosure in Texas, which do not include producing original note).

Plaintiffs also allege that U.S. Bank "wrongfully accelerated" their loan by demanding payment from them, failing to accept their tender of payments, demanding from plaintiffs in the successive month the same amount that it had refused to accept the prior month, and then accelerating the loan and posting plaintiffs' property for foreclosure. Despite these allegations, plaintiffs affirmatively plead facts that show that they defaulted on their mortgage in July 2011 and did not make any additional payments to U.S. Bank thereafter. Under the deed of trust,[4] U.S. Bank was entitled to accelerate the loan

---

[4]U.S. Bank attached a copy of the deed of trust to its motion to dismiss. The court may consider documents attached to a motion to dismiss if they are "referred to in the plaintiff[s'] complaint and are central to the plaintiff[s'] claim." *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

immediately upon default.[5]  Plaintiffs do not allege that they tendered to U.S. Bank all amounts required to bring their account current, as required for reinstatement under the deed of trust.[6]  Accordingly, they have not stated a plausible claim for relief under this theory.

IV

Plaintiffs allege that U.S. Bank's acts in recording the notice of substitute trustee's sale prior to the foreclosure sale constitutes the filing of a false lien or claim, in violation of Tex. Civ. Prac. & Rem. Code Ann. § 12.001 *et seq.*  U.S. Bank contends that this claim must be dismissed because, *inter alia*, a notice of sale does not qualify as a "lien," as defined by § 12.001.

Under § 12.001, a "lien" is defined as "a claim in property for the payment of a debt and includes a security interest."  Plaintiffs have not pleaded facts that establish a plausible

---

[5]The deed of trust provides that the lender and/or its successor and assigns may "require immediate payment in full of all sums secured by [the deed of trust] if . . . Borrower defaults by failing to pay in full any monthly payment required by [the deed of trust] prior to or on the due date of the next monthly payment."  D. App. Ex. A, Ex. 1 ¶ 9.  (The court cites the appendix this way because U.S. Bank did not properly paginate it.  *See* N.D. Tex. Civ. R. 7.1(i)(4).).

[6]The deed of trust states:

> Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument.  This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current[.]

D. App. Ex. A, Ex. 1 ¶ 10.

claim that the notice of sale is a "lien," as defined by § 12.001. Accordingly, their claim for filing of a false lien or claim is dismissed.

V

U.S. Bank posits that the court must dismiss plaintiffs' claims for violations of the FDCPA and the TDCA because U.S. Bank is not a "debt collector," as that term is defined in the relevant statutes.

"The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). The FDCPA defines a debt collector as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector" does not include

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person[.]

15 U.S.C. § 1692a(6)(F). The Fifth Circuit has held that the legislative history "indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry*, 756 F.2d at 1208 (citations omitted); *see also Kareem v. Am. Home Mortg. Servicing, Inc.*, 2011 WL 1869419, at *2 (N.D. Tex. Apr. 12, 2011) (Kaplan, J.) ("A mortgage servicing company is not considered a 'debt collector' as long as the debt was not in default at the time it was assigned." (citations omitted)).

Plaintiffs allege that U.S. Bank is a "third party debt collector." Pet. ¶ 9.2. The definition of "third-party debt collector" in the TDCA tracks the definition of "debt collector" in the FDCPA. *See* Tex. Fin. Code § 392.001(7) ("'Third-party debt collector' means a debt collector, as defined by 15 U.S.C. § 1692(a)(6)[.]"). Therefore, "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *CA Partners v. Spears*, 274 S.W.3d 51, 78-79 (Tex. App. 2008, pet. denied) (quoting *Perry*, 756 F.2d at 1208); *see also DeFranceschi v. Wells Fargo Bank, N.A.*, ___ F.Supp.2d ___, 2011 WL 3875338, at *5 (N.D. Tex. Aug. 31, 2011) (Means, J.) ("Under the [FDCPA], which the finance code relies on to define its terms, a third-party debt collector does not include a mortgage-servicing company or similar individuals if the debt was not in default at the time it was assigned.").

Plaintiffs allege that U.S. Bank is the entity that serviced their loan, and that it took over from the original lender in 2010, before plaintiffs were in default. Accordingly, plaintiffs' state-court petition affirmatively establishes that U.S. Bank is not a debt collector under the FDCPA or a third-party debt collector under the TDCA. Plaintiffs' claims against U.S. Bank for violating the FDCPA and the TDCA are therefore dismissed.

VI

Although the court is dismissing plaintiffs' claims, it will permit them to replead. *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure

pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." (internal quotation marks and citation omitted)).  Because plaintiffs have not stated that they cannot, or are unwilling to, cure the defects that the court has identified, the court grants plaintiffs 30 days from the date this memorandum opinion and order is filed to file an amended complaint.

*   *   *

For the reasons explained, the court grants U.S. Bank's motion to dismiss under Rule 12(b)(6) and grants plaintiffs 30 days from the date this memorandum opinion and order is filed to file an amended complaint.[7]

**SO ORDERED.**

May 8, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[7]Because House Savings has not moved to dismiss, the claims against it will remain pending.